UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| LONE STAR TRANSMISSION, LLC<br><br>    Plaintiff,<br><br>v.<br><br>PELCO STRUCTURAL, LLC,<br><br>    Defendant. | No. 4:20-cv-00835 |

**DEFENDANT PELCO STRUCTURAL, LLC'S**
**ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT**

Defendant Pelco Structural, LLC ("Defendant"), files this Answer to Plaintiff's Original Complaint ("the Complaint").

**ANSWER**

1. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 1 of the Complaint and therefore denies them.

2. Defendant admits the allegations in Paragraph 2 of the Complaint, except that Defendant is located at 1501 Industrial Blvd, Claremore, Oklahoma 74017.

3. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in the second sentence of Paragraph 3 and therefore denies them. Defendant admits the remaining allegations in Paragraph 3 of the Complaint.

4. Defendant admits the allegations in Paragraph 4 of the Complaint.

5. Defendant admits the allegations in Paragraph 5 of the Complaint.

6. Defendant lacks knowledge or information sufficient to form a belief about the truth of the first sentence in Paragraph 6 of the Complaint and therefore denies them. Defendant admits the remaining allegations in Paragraph 6 of the Complaint.

7. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 7 of the Complaint and therefore denies them.

8. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 8 of the Complaint and therefore denies them.

9. Defendant admits the allegations in the first sentence of Paragraph 9 of the Complaint. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in the second sentence of Paragraph 9 and therefore denies them.

10. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 10 of the Complaint and therefore denies them.

11. Defendant admits that it is a manufacturing company that sells galvanized steel poles, but otherwise denies the allegations of Paragraph 11.

12. Defendant admits that the Pelco website landing page contains the quoted statement, but otherwise denies the allegations of Paragraph 12.

13. Defendant admits that the Pelco website landing page contains the quoted statement, but otherwise denies the allegations of Paragraph 13.

14. Defendant admits that Pelco agreed to deliver galvanized steel tubular poles to Plaintiff, but otherwise denies the allegations of Paragraph 14.

15. Defendant admits that it warranted that the Work furnished under the Contract would be suitable for the use intended, but otherwise denies the allegations of Paragraph 15.

16. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning the "specific requirements" alleged in Paragraph 16 of the Complaint and therefore denies them.

17. Defendant admits that there is a Purchase Order attached to the Complaint. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 17 of the Complaint and therefore denies them.

18. Defendant admits that the Purchase Order attached to the Complaint states that "All Work shall be delivered in accordance with Purchaser's Company instructions and specifications as in Exhibit A1." Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 18 of the Complaint and therefore denies them. Defendant further denies that the statements contained in the Purchase Order attached to the Complaint were the only applicable terms.

19. Defendant denies the allegations in the first sentence of Paragraph 19 of the Complaint. Defendant admits the allegations in the second sentence of Paragraph 19 of the Complaint.

20. Defendant admits that the Purchase Order attached to the Complaint contains the block quoted language. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 20 of the Complaint and therefore denies them. Defendant further denies that the statements contained in the Purchase Order attached to the Complaint were the only applicable terms.

21. Defendant admits the poles were delivered on behalf of Pelco. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 21 of the Complaint and therefore denies them.

22. Defendant admits that one of the poles fell to the ground on or about January 1, 2018, but otherwise denies the allegations of Paragraph 22.

23. Defendant admits that Plaintiff hired a third-party investigator. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 23 of the Complaint and therefore denies them.

24. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 24 of the Complaint and therefore denies them.

25. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 25 of the Complaint and therefore denies them.

26. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 26 of the Complaint and therefore denies them.

27. Defendant denies the allegations in Paragraph 27 of the Complaint.

28. Defendant denies the allegations in Paragraph 28 of the Complaint.

29. Defendant denies the allegations in Paragraph 29 of the Complaint.

30. Defendant denies the allegations in Paragraph 30 of the Complaint.

31. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 31 of the Complaint and therefore denies them.

32. Defendant denies the allegations in the first sentence of Paragraph 32 of the Complaint. Defendant further denies the allegations in Paragraph 37 of the Complaint in *Phil B. Albert v. Pelco Structural, LLC et al.*, No. CJ-19-439, District Court of Rogers County, State of Oklahoma (the "Albert Action").

33. Defendant denies the allegations in the first sentence of Paragraph 33 of the Complaint. Defendant further denies the allegations in Paragraph 37 of the Complaint in the Albert Action.

34. Defendant denies the premise of the allegations of the first sentence in Paragraph 34, and otherwise denies the allegations in Paragraph 34 of the Complaint.

35. Defendant denies the allegations in Paragraph 35 of the Complaint.

36. Defendant denies the allegations in Paragraph 36 of the Complaint.

37. Defendant admits that Plaintiff purports to plead the discovery rule and estoppel, but otherwise denies the allegations in Paragraph 37 of the Complaint.

38. Defendant denies the allegations in Paragraph 38 of the Complaint.

39. The allegations in Paragraph 39 require no response. To the extent it is determined that they do require a response, Defendant denies them.

40. Defendant denies the allegations in Paragraph 40 of the Complaint.

41. Defendant denies the allegations in Paragraph 41 of the Complaint.

42. Defendant denies the allegations in Paragraph 42 of the Complaint.

43. Defendant denies the allegations in Paragraph 43 of the Complaint.

44. Defendant denies the allegations in Paragraph 44 of the Complaint.

45. Defendant admits that Plaintiff purports to plead the discovery rule and estoppel, but otherwise denies the allegations in Paragraph 45 of the Complaint.

46. Defendant denies the allegations in Paragraph 46 of the Complaint.

47. Defendant denies the allegations in Paragraph 47 of the Complaint.

48. Defendant admits that Plaintiff purports to plead a breach of contract that was continuing in nature, but otherwise denies the allegations in Paragraph 48 of the Complaint.

49. Defendant denies the allegations in Paragraph 49 of the Complaint.

50. The allegations in Paragraph 50 require no response. To the extent it is determined that they do require a response, Defendant denies them.

51. Defendant admits that the Terms and Conditions attached to the Complaint contain an express warranty.

52. Defendant admits that the Terms and Conditions attached to the Complaint contain the block quoted language, but otherwise denies the allegations in Paragraph 52 of the Complaint. Defendant further denies that the statements contained the Terms and Conditions attached to the Complaint were the only applicable terms.

53. Defendant denies the allegations in Paragraph 53 of the Complaint.

54. Defendant denies the allegations in Paragraph 54 of the Complaint.

55. Defendant admits that Plaintiff purports to plead the discovery rule and estoppel, but otherwise denies the allegations in Paragraph 55 of the Complaint.

56. Defendant denies the allegations in Paragraph 56 of the Complaint.

57. Defendant denies the allegations in Paragraph 57 of the Complaint.

58. Defendant denies the allegations in Paragraph 58 of the Complaint.

59. The allegations in Paragraph 59 require no response. To the extent it is determined that they do require a response, Defendant denies them.

60. Defendant denies the allegations in Paragraph 60 of the Complaint.

61. Defendant denies the premise of the allegations in the second sentence of Paragraph 61, and otherwise denies the allegation in Paragraph 61 of the Complaint.

62. Defendant denies the allegations in Paragraph 62 of the Complaint.

63. Defendant denies the allegations in Paragraph 63 of the Complaint.

64. Defendant denies the allegations in Paragraph 64 of the Complaint.

65. Defendant denies the allegations in Paragraph 65 of the Complaint.

66. Defendant denies the allegations in Paragraph 66 of the Complaint.

67. Defendant denies the allegations in Paragraph 67 of the Complaint.

68. Defendant denies the allegations in Paragraph 68 of the Complaint.

69. Defendant admits that Plaintiff purports to plead the discovery rule and estoppel, but otherwise denies the allegations in Paragraph 69 of the Complaint.

70. Defendant denies the allegations in Paragraph 70 of the Complaint.

## PRAYER

Defendant denies that Plaintiff is entitled to any of the relief requested in paragraphs (1) through (4) of the Complaint's Prayer.

## AFFIRMATIVE DEFENSES

1. Plaintiff's claims are barred, in whole or in part, because Plaintiff contractually waived its entitlement to any incidental or consequential losses, damages or expenses.

2. Plaintiff's claims are barred, in whole or in part, by provisions limiting liability to a time-limited warranty period.

3. Plaintiff's claims are barred, in whole or in part, by the applicable limitations period.

4. Plaintiff's claims are barred, in whole or in part, because Plaintiff either knew or should have known of any alleged breach before the warranty period and applicable limitations period expired.

5. Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to exercise reasonable diligence.

6. Plaintiff's claims are barred, in whole or in part, for failure to state a claim upon which relief may be granted.

7. Plaintiff's claims are barred, in whole or in part, for failure to satisfy conditions precedent.

8. Plaintiff's claims are barred, in whole or in part, because any damages it incurred were the result of its own acts and omissions, or the acts and omissions of third parties over whom Defendant had no control or responsibility.

9. Plaintiff's claims are barred, in whole or in part, by its failure to mitigate losses.

10. Plaintiff's claims are barred, in whole or in part, by the doctrine of setoff.

11. Plaintiff's claims are barred, in whole or in part, because Defendant built the goods pursuant to specifications supplied by Plaintiff, and any flaw or defect in the design pursuant to those specifications was the responsibility of Plaintiff.

12. Plaintiff's claims are barred, in whole or in part, because its alleged damages were caused, in whole or in part, by an intervening or superseding cause.

WHEREFORE, Defendant Pelco Structural, LLC prays that Plaintiff take nothing; that Defendant recover its costs; and for any other relief to which Defendant may be entitled.

Dated:  April 30, 2020                                   Respectfully submitted,

                  **SUSMAN GODFREY L.L.P.**

                  By:   */s/ Chanler A. Langham*
                  Terrell W. Oxford
                  Texas State Bar No. 15390500
                  Chanler A. Langham
                  Texas State Bar No. 24053314
                  1000 Louisiana Street, Suite 5100
                  Houston, Texas 77002-5096
                  (713) 651-9366

                  *Counsel for Defendant*

## **CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the foregoing document was duly served electronically on all known counsel of record through the Court's Electronic Filing System on April 30, 2020.

By: */s/ Chanler A. Langham*
Chanler A. Langham
